UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS MCELVY** ) | Case Number |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| **NCO FINANCIAL SYSTEMS, INC.** ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant.** ) | |
| ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Thomas McElvy, by and through his undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Thomas McElvy (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant's corporate office is located in this District.

## III. PARTIES

4. Plaintiff, Thomas McElvy ("Plaintiff") is an adult natural person with a mailing address listed at P.O. Box 62843, Virginia Beach, VA 23466-0843.

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Virginia and the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about July 2, 2008, Plaintiff received a collection notice from Defendant with regard to an alleged consumer debt, namely an over drafted Bank of America bank account.

8. Plaintiff contacted Defendant and spoke with Defendant's agent, Charity with regard to dispute of the alleged debt and was given fax number 704-523-2144. Defendant's agent, Charity told Plaintiff to direct the fax to Herman Parker.

9. On or about July 2, 2008, Plaintiff immediately responded to Defendant via facsimile with a letter disputing the validity of the alleged debt. See copy of the dispute letter and fax receipt appended hereto and marked "**EXHIBIT A**".

10. In "**EXHIBIT A**", Plaintiff clearly stated that he refused to pay Defendant and would seek to negotiate payment with the original creditor.

11. Additionally, Plaintiff demanded that Defendant cease all further collection activity with regard to the alleged debt.

12. Defendant's response to Plaintiff's dispute was a collection notice dated August 10, 2008 offering Plaintiff a settlement of the alleged debt. See copy of the collection notice appended hereto and marked "**EXHIBIT B**".

13. On or about August 20, 2008, Plaintiff responded to Defendant via facsimile with a letter demanding that Defendant cease all further collection activity. See a copy of the letter and fax receipt appended hereto and marked "**EXHIBIT C**".

14. On or about October 2, 2008, Defendant sent Plaintiff a collection notice, once again offering Plaintiff a settlement of the alleged debt. See copy of the collection notice appended hereto and marked "**EXHIBIT D**".

15. On or about October 10, 2008, Plaintiff contacted Defendant and spoke to Defendant's agent, Tonisha, who stated that Plaintiff's previous correspondence with

Defendant was not noted on his account. Defendant's agent, Tonisha also stated that she would update his account so that there would be no further collection efforts.

16. Defendant continued its collection activity and communication with Plaintiff by placing a negative trade line regarding the alleged debt on Plaintiff's consumer credit file in or around December 2008. See copy of Plaintiff's credit file reflecting the entry of the alleged debt appended hereto and marked "**EXHIBIT E**".

17. Defendant further continued collection activity by sending Plaintiff another collection notice on January 12, 2009. See copy of collection notice appended hereto and marked "**EXHIBIT F**".

18. Defendant has not nor will they remove the negative trade line placed on Plaintiff's consumer credit file. The collection notices and entry of the trade line was a communication with Plaintiff after written notification that Plaintiff refused to make payment to Defendant for the alleged debt.

19. The aforementioned paragraphs, 7-17, represent a blatant violation of the FDCPA.

20. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

21. The Defendant acted in a false, deceptive, misleading and unfair manner by taking action that it could not legally take for the purpose of coercing Plaintiff to pay the debt.

22.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT ONE – FDCPA.

26.     The above paragraphs are hereby incorporated herein by reference.

27.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692 c(a)(1), c(c), d, e, e(2), e(5), e(8), e(10), f, f(1) and g(b).

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, NCO Financial Systems, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  July 27, 2009      BY: /s/ Brent F. Vullings
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff